**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Josephine Amatucci

    v.                                    Case No. 25-cv-549-SM-AJ

Town of Wolfeboro

## REPORT AND RECOMMENDATION

Self-represented plaintiff Josephine Amatucci, appearing in forma pauperis, has filed a complaint (Doc. No. 1) against the Town of Wolfeboro, New Hampshire, alleging that its police chief violated her constitutional rights by accusing her of a traffic violation and attempting to have her driver's license revoked.[1] Mrs. Amatucci's complaint is before the undersigned magistrate judge for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Standard of Review

The magistrate judge conducts a preliminary review of pleadings, like Mrs. Amatucci's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is

---

[1] Mrs. Amatucci asserted several other claims in her complaint that arose out of events subject to filing restrictions and are therefore not before the court. See Order (Doc. No. 2).

immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Mrs. Amatucci claims that Dean Rondeau, the former Wolfeboro Chief of Police, accused her of a traffic violation in New Hampshire and ordered the New Hampshire Department of Motor Vehicle to re-evaluate her fitness for a driver's license, with the intent of having her license revoked. Compl. (Doc. No. 1) ¶ 7. She further alleges that she was able to prove that she was not in Wolfeboro at the time of the alleged traffic violation. Invoking 42 U.S.C. § 1983, she claims that former Chief Rondeau violated her Fourth and Fourteenth Amendment rights and that the Town of Wolfeboro is responsible for his actions.

Mrs. Amatucci does not indicate in her complaint when the incident with former Chief Rondeau took place. However, based on

two other cases Mrs. Amatucci has filed in this court in 2013 and 2014, it is apparent that the events took place in August 2013. See Amatucci v. Welman, et al., Civ. No. 14-cv-164-PB (D.N.H. filed Apr. 7, 2014), Compl. (Doc. No. 1) ¶ 10 ("This was a bogus traffic violation as the plaintiff was not in Wolfeboro on August 21, 2013 at 12 noon."); Amatucci v. Town of Wolfeboro, Civ. No. 13-cv-501-PB (D.N.H. filed Oct. 15, 2013), Compl. (Doc. No. 1) ¶ (n) ("On August 28, 2013, the Plaintiff received a letter from the Department of Safety . . . ordering her to appear for a . . . road test . . . due to information from the Wolfeboro Police Department, Lt. Rondeau, that she was driving erratically . . . .").

## Discussion

The passage of roughly twelve years between the incident in question and the filing of this lawsuit raises the question of whether the complaint was filed within the applicable statute of limitations. See Beaulieu v. Winters, No. 15-CV-00004-JL, 2015 WL 3507914, at *2 (D.N.H. June 3, 2015) ("Where the facts alleged in the complaint show that the claims are time-barred, and there is no possibility that the statute may have been tolled, the court may dismiss the complaint on preliminary review.) (citing Pigott v. Lynn Police Dep't, 7 F.3d 218, 1993 WL 375821, at *5 (1st Cir. Sept.27, 1993)). It is clear from the facts in the instant complaint and her two previous lawsuits Ms.

Amatucci has filed based on the same incident that her claims are barred by the applicable statutes of limitations.

Section 1983 cases borrow the relevant limitations period applied in personal injury cases in the state where the claim arose. Rose v. Governor, State of New Hampshire, No. 19-CV-311-LM, 2019 WL 3938081, at *2 (D.N.H. July 12, 2019), report and recommendation adopted sub nom. Rose v. NH, No. 19-CV-311-LM, 2019 WL 3935365 (D.N.H. Aug. 19, 2019), aff'd sub nom. Rose v. Sununu, No. 19-2039, 2020 WL 6472396 (1st Cir. June 8, 2020). The statute of limitations for § 1983 claims arising out of events occurring in New Hampshire is three years. See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010); see also N.H. Rev. Stat. Ann. § 508:4.

As noted above, the allegedly fraudulent traffic violation and ensuing report to the Department of Safety occurred in August 2013. The three-year limitations period for filing suit concerning that occurrence expired no later than August 2016. Nothing in the complaint suggests that the limitations period should be tolled to allow the court to deem it timely filed. Accordingly, the statute of limitations bars Mrs. Amatucci's claims.[2]

---

[2] The court also dismissed several claims in Amatucci v. Welman based on the same incident as alleged here because they failed to state a federal claim upon which relief could be granted. See id., May 19, 2014, Order (Doc. No. 5). Thus, in

## Conclusion

Based on the foregoing, Mrs. Amatucci's claims are barred by the applicable statute of limitations. The District Judge should therefore dismiss this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id.  (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

Andrea K. Johnstone
United States Magistrate Judge

April 8, 2026

cc:   Josephine Amatucci, pro se

---

addition to the expiration of the statute of limitations, this suit is barred by the doctrine of res judicata. See Rafsky v. Smallbizpros, Inc., No. CV 20-11148-TSH, 2024 WL 1178375, at *2 (D. Mass. Mar. 19, 2024) ("The doctrine of res judicata establishes that claims arising from the same transaction or a common nucleus of operative facts that have been fully adjudicated on the merits are barred from further litigation.") (citing Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 12 (1st Cir. 2010)).